■ GRINNELL HOUSING DEVELOPMENT FUND CORPORATION, Respondent, v BEVERLY J. McCLAIN-JAMES, Appellant. [658 NYS2d 33] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered December 16, 1996, which, in an action by plaintiff housing cooperative for ejectment and money damages against defendant proprietary lessee for failure to provide plaintiff with access to her apartment and to pay maintenance for over 10 years, granted plaintiff's motion for a preliminary injunction directing defendant to provide access and keys to her apartment to effect repairs thereto, to commence paying use and occupancy until final resolution of the action, and to deposit the disputed amount of maintenance arrears, approximately $87,000, into court within 90 days, unanimously modified, on the law and the facts, to delete the direction that defendant deposit the disputed amount of maintenance arrears into court, and otherwise affirmed, without costs.

The expiring roof guaranty and the showing as to the deteriorating condition of the apartment justify the injunctive relief providing access to the apartment, and the proprietary lease justifies the direction that she pay her current maintenance pending further order of the court. However, the deposit of maintenance arrears into court was not justified by plaintiff's

showing on the merits, there being many unresolved issues of fact bearing upon defendant's right to a rent abatement, and thus upon plaintiff's right to the full amount of the arrears it seeks. In addition, any claim of irreparable harm is suspect in view of plaintiff's failure to take any action to collect maintenance from defendant for over 10 years. Concur—Sullivan, J. P., Milonas, Rosenberger, Ellerin and Mazzarelli, JJ.